IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN NALL                                                           PLAINTIFF

VS.                                          CIVIL ACTION NO.: 3:25-cv-490-HTW-LGI

PHH MORTGAGE CORPORATION &                                          DEFENDANTS
WESTERN PROGRESSIVE – MISSISSIPPI, INC.

## COMPLAINT

COMES NOW, the Plaintiff, Justin Nall, ("Nall" or "Plaintiff") and submits this Complaint against PHH Mortgage Corporation ("PHH") for its violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq* and the regulations promulgated thereunder, for breach of contract, and for injunctive relief. This Complaint also seeks relief against Western Progressive – Mississippi Inc. ("Western Progressive") for breach of contract and injunctive relief to prevent the unlawful foreclosure of the Plaintiffs' home.

## JURISDICTION, PARTIES, AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 as the claims arise from the laws of the United States, specifically, the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq* and the regulations promulgated thereunder.

2.      Further, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 due to the diversity of the parties and the fact that the amount of damages exceed $75,000.

3.      This Court has supplemental jurisdiction with respect to the Plaintiff's related state law claims pursuant to 28 U.S.C. §1367.

4.      Plaintiff is a natural person and a resident of Rankin County, Mississippi.

5.      PHH is a New Jersey Corporation, registered to conduct business in Mississippi.

6.     PHH may be served by service upon its registered agent, Corporation Service Co. 109 Executive Drive. Suite 3, Madison, MS 39110.

7.     Western Progressive. is a Delaware Corporation registered to conduct business in Mississippi.

8.     Western Progressive may be served by service upon its registered agent, Corporation Service Co. 109 Executive Drive. Suite 3, Madison, MS 39110.

9.     Venue is proper in this district because the actions or omissions asserted herein occurred in Rankin County, Mississippi and the contract between the parties concerns property located in Rankin County, Mississippi.

## FACTS

10.     On or about June 24, 2022, Plaintiff purchased a home located at 127 Saint Charles Ave. Florence, MS 39073 ("the Property").

11.     To finance the purchase of the home, the Plaintiff acquired a mortgage loan ("the Loan") from Bank of England.

12.     The Loan is secured by a first lien on the Home – which is residential real property designed for the occupancy of from one to four families.

13.     The Loan was made in whole or in part by Bank of England – a lender whose deposits are insured by the FDIC, an independent agency of the federal government.

14.     The Loan is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and is therefore subject to RESPA and the regulations promulgated thereunder.

15.     The Deed of Trust which evidences the security for the Loan is enrolled in Book 3022, page 67691 in the land records of Rankin County, Mississippi (the Deed of Trust").

16.     The Deed of Trust is a contract between certain parties including a Beneficiary/Lender, a Borrower, and a Trustee.

17.     The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary to the Deed of Trust.

18.     On or about July 12, 2024, MERS assigned the Deed of Trust to PHH.  The Assignment is enrolled in the Land Records of Rankin County, Book 3024, Page 52173.

19.     PHH is a "Servicer" for the Loan as that term is defined in 12 U.S.C. §2605(i)(2) in that Mr. Cooper is responsible for servicing the Loan.

20.     PHH is subject to the RESPA and the regulations thereunder and does not qualify for any of the exceptions noted in the said regulations for "small servicers."

21.     PHH is not a "qualified lender," as defined in 12 CFR 617.7000.

22.     As an assignee of MERS, PHH is a party to the Deed of Trust.

23.     Plaintiff and PHH entered into a Loan Modification Agreement regarding the Loan on January 10, 2025.  A copy of this Loan Modification Agreement is enrolled in Book 3025, Page 13287 of the Rankin County Land Rolls and an unenrolled copy is attached hereto as Exhibit A.

24.     Pursuant to the terms of the Modification Agreement, all past due amounts and arrearages as of January 1, 2025 were rescheduled as "deferred principal balance" and Nall was to begin making payments under the modification agreement with his February 1, 2025 payment.

25.     On or about February 11, 2025, Plaintiff made his February payment in the amount of $2,479.83 pursuant to the Loan Modification Agreement.

26.     PHH, however, did not apply the payment pursuant to the Loan Modification Agreement and instead applied the payment to the October payment as if the Loan had not been modified.

27.     On or about March 7, 2025, Plaintiff made his March payment in the amount of $2,479.83 pursuant to the Loan Modification Agreement.

28.    PHH, however, did not apply the payment pursuant to the Loan Modification Agreement and instead applied the payment to the October payment as if the Loan had not been modified.

29.    After March, PHH refused to accept any additional payments from the Plaintiff, stating that the Plaintiff's loan had been accelerated due to a default and that a balance of more than $13,000 was owed on the Loan.

30.    Plaintiff attempted to explain that the loan was no longer in default due to the modification, but no one Plaintiff spoke with at PHH acknowledged the effectiveness of the Loan Modification Agreement.

31.    While PHH refused to accept payments pursuant to the Loan Modification Agreement, it also continued to report to one or more Consumer Reporting Agencies that the loan was delinquent.

32.    On or about April 14, 2025, Plaintiff retained undersigned counsel to address PHH's failure to honor the Loan Modification Agreement and its derogatory credit reporting.

33.    Plaintiff, through counsel, sent a Notice of Error to PHH detailing the failure of PHH to properly board the Plaintiff's loan modification.

34.    When PHH advised Plaintiff that it had not received the Notice of Error, Plaintiff's counsel resent the same via email along with an explanation that if it proceeded with foreclosure that the Plaintiff's damages would be greatly exacerbated. A copy of this email is attached as Exhibit B.

35.    PHH refused to heed any of the warnings presented by Plaintiff's counsel and proceeded to refer the matter to Western Progressive for nonjudicial foreclosure.

36.     On June 18, 2025, PHH effected a Substitution of Trustee, designating Western Progressive as the Substitute Trustee for the Deed of Trust.

37.     As a substitute trustee, Western Progressive owes a duty of good faith to all parties to the Deed of Trust, including the Plaintiff.

38.     Western Progressive scheduled a foreclosure sale for July 16, 2025 and began publication notice on June 25, 2025.

39.     Plaintiff received notice of the sale on July 1, 2025 from Western Progressive.

40.     Plaintiff did not receive notice of intent to sell from PHH, despite the Deed of Trust requiring such notice be sent prior to foreclosure.

41.     Plaintiff, through counsel immediately notified Western Progressive of the Loan Modification Agreement and advised it that a foreclosure of the property would be in bad faith.

42.     Plaintiff, through counsel, requested cancellation of the foreclosure sale.

43.     To date, Western Progressive has not advised Plaintiff of any cancellation of the pending foreclosure sale.

44.     Western Progressive's failure to communicate with the Plaintiff and its decision to proceed with a foreclosure without conducting any due diligence to confirm an actual default is an act of bad faith.

45.     PHH's refusal to accept payments made by the Plaintiff pursuant to the Loan Modification Agreement is an act of bad faith.

46.     PHH's decision to elect for foreclosure despite Plaintiff's attempts to make payments under the loan is an act of bad faith.

47.     PHH's false and derogatory credit reporting is an act of bad faith.

48.     PHH's false and derogatory credit reporting has harmed the Plaintiff.

49.     PHH's decision to proceed with foreclosure has harmed the Plaintiff.

50.     If the foreclosure sale is permitted to proceed, Plaintiff and his family will be irreparably harmed because the home may be sold and Plaintiff and his family may be forced to relocate.

51.      As a result of the Defendants' actions, the Plaintiff has incurred actual damages, emotional distress, and attorneys' fees.

52.     As a result of the Defendants' actions which are currently attempting to deprive the Plaintiff and his family of their home, Plaintiff has suffered and continues to suffer severe emotional distress, including anxiety, embarrassment, damage to reputation, stress, and sleepless nights.

### *Count I: PHH Violated RESPA*

53.     The Plaintiff re-alleges and incorporates each and all of the foregoing allegations as if fully set forth herein.

54.     Pursuant to the Real Estate Settlement Procedures Act, Regulation X, 12 C.F.R. 1024.41(f), a servicer shall not make the first notice of foreclosure unless the borrower's loan obligation is more than 120 days delinquent.

55.     Plaintiff made payments for February and March pursuant to the Loan Modification Agreement.

56.     Plaintiff attempted to make payments in April, May, and June pursuant to the Loan Modification Agreement, but PHH refused to accept the payments.

57.     Because PHH refused to accept payments, the Loan has not been delinquent since the Loan Modification Agreement became effective on January 1, 2025.

58.     Alternatively, any default occurred after April 1, 2025 – the due date for the April

2025 payment.

59.     To the extent that there was a delinquency, such delinquency was exclusively caused by PHH's refusal to accept payments in accordance with the Loan Modification Agreement.

60.     On June 25, 2025, PHH, through Western Progressive, initiated a nonjudicial foreclosure as to the Property.

61.     June 25, 2025 is only 85 days after April 1, 2025.

62.     The foreclosure referral is in violation of 12 C.F.R. 1024.41(f).

63.     12 C.F.R. 1024.36(c)(1) requires a Servicer to credit all periodic payments to a consumer's loan account as of the date of receipt.

64.     PHH failed to credit payments made by the Plaintiff in February and March 2025.

65.     Plaintiff made several attempted payments, each of which followed PHH's written requirements for payments.

66.     PHH violated 12 C.F.R. 1024.36(c)(1)) by failing to accept and credit Plaintiff's periodic payments to the Loan.

67.     As a result of PHH's actions, Plaintiff suffers severe emotional distress, including anxiety, embarrassment, damage to reputation, stress, and sleepless nights.

68.     As a result of PHH's failure to credit the payments to the Loan, PHH has assessed and added late fees, foreclosure fees, and other fees to the Loan account balance.

69.     Due to these violations, PHH is liable to Plaintiff for actual damages to be determined at trial, statutory damages in the amount of at least $2,000 for each violation of RESPA and the Regulations promulgated thereunder, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

70.     PHH has exhibited a pattern and practice of noncompliance with RESPA and other

consumer laws as illustrated by numerous complaints filed with the Consumer Financial Protection Bureau and by numerous lawsuits in the federal and state courts across the United States of America.

71.    PHH has exhibited a pattern and practice of abuse towards borrowers who attempt to exercise their rights pursuant to RESPA to obtain information about their mortgages.

72.    Because PHH has a pattern and practice of violating RESPA and other consumer laws and regulations, punitive damages are necessary to deter further illegal conduct.

### *Count II: Breach of Contract – The Loan Modification Agreement*

73.    The Plaintiff re-alleges and incorporates each and all of the foregoing allegations as if fully set forth herein.

74.    The Loan Modification Agreement was a contract between Plaintiff and PHH.

75.    PHH breached the agreement by failing to recategorize all arrearages and amounts past due as non-interest bearing principal as required under page 2 of the contract.

76.    Implicit in every contract is a duty of good faith and fair dealing between the parties to the contract.

77.    Defendant breached the duty of good faith and fair dealing by refusing to accept payments made by the Plaintiff under the Loan Modification Agreement.

78.    Defendant further breached the contract by referring the Property to foreclosure despite Plaintiff's good-faith efforts to make payments under the Loan Modification Agreement.

79.    As a result of PHH's actions, Plaintiff suffers severe emotional distress, including anxiety, embarrassment, damage to reputation, stress, and sleepless nights.

80.    As a result of PHH's failure to credit the payments to the Loan, PHH has assessed and added late fees, foreclosure fees, and other fees to the Loan account balance – all of which have financially harmed the Plaintiff.

### *Count III: Breach of Contract – The Deed of Trust*

81.    The Plaintiff re-alleges and incorporates each and all of the foregoing allegations as if fully set forth herein.

82.    The Deed of Trust is a contract between PHH as Beneficiary/Lender through assignment from Bank of England, the Plaintiff, and Western Progressive as Substituted Trustee.

83.    Implicit in every contract is a duty of good faith and fair dealing between the parties to the contract.

84.    Defendant breached the duty of good faith and fair dealing by refusing to accept payments made by the Plaintiff under the Loan Modification Agreement.

85.    Defendant further breached the contract by referring the Property to foreclosure despite Plaintiff's good-faith efforts to make payments under the Loan Modification Agreement.

86.    PHH breached the Deed of Trust by initiating a foreclosure proceeding without notifying the Plaintiff of the sale.

87.    Western Progressive breached its duty of good faith and fair dealing by initiating a foreclosure action without confirming that the loan was actually in default.

88.    Western Progressive further breached its duty by refusing to respond to Plaintiff's counsel and his request to cancel the foreclosure sale.

89.    As a result of Defendants' actions, Plaintiff suffers severe emotional distress, including anxiety, embarrassment, damage to reputation, stress, and sleepless nights.

90.    As a result of the Defendant's actions, Plaintiff has incurred additional attorneys' fees in the filing of a Motion for a Temporary Restraining Order and Preliminary Injunction necessary to prevent the pending foreclosure of his home.

### *Count IV: Injunctive Relief*

91.    The Plaintiff re-alleges and incorporates each and all of the foregoing allegations

as if fully set forth herein.

92.     The Loan Modification Agreement was an agreement between PHH and Plaintiff.

93.     PHH has failed to abide by the agreement and its refusal to abide by the agreement and apply the Plaintiff's payments to the loan has harmed the Plaintiff by severely impacting his credit score and by adding excess and unwarranted fees to the Plaintiff's Mortgage Loan.

94.     To make the Plaintiff whole, the Court must grant injunctive relief, ordering PHH to abide by the Loan Modification Agreement and further ordering PHH to refrain from further actions which violate the Plaintiff's statutory and contractual rights.

95.     Plaintiff is entitled to an injunction enforcing the terms of the Loan Modification Agreement, requiring PHH to remove all derogatory credit reporting, and requiring PHH to remove any and all unwarranted fees, costs, and interest on the Plaintiff's Loan.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A.     That PHH and Western Progressive be ordered to compensate Plaintiff for all damages as determined by a jury;

B.     That PHH be ordered to compensate Plaintiff's counsel for all of the fees and costs incurred in the prosecution of this action as determined reasonable by the Court;

C.     That PHH be assessed statutory damages of up to $2,000.00 per violation for Defendant's violations of RESPA;

D.     That PHH be required to honor the Loan Modification Agreement that it agreed to;

E.     That PHH be required to remove any derogatory credit reporting from Plaintiff's Consumer Reports;

F.    That PHH be required to remove any late fees or other fees, costs, and interest added to Plaintiff's Loan;

G.    That PHH be required to credit Plaintiff's mortgage loan for any and all payments that PHH has refused to accept since January 1, 2025; and

H.    That the Court award any other relief that it may deem just and proper.

                        Respectfully submitted,
                        Justin Nall, Plaintiff

                        By Counsel:

                        /s/Michael T. Ramsey
                        Michael T. Ramsey (MSB #104978)
                        **SHEEHAN & RAMSEY, PLLC**
                        429 Porter Avenue
                        Ocean Springs, Mississippi 39564
                        228-875-0572
                        mike@sheehanramsey.com