**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JUSTIN NALL**                                                                            **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.: 3:25-cv-00490-HTW-LGI**

**PHH MORTGAGE CORPORATION &**                                    **DEFENDANTS**
**WESTERN PROGRESSIVE – MISSISSIPPI, INC.**

---

**MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER AND FOR AN ORDER TO SHOW CAUSE AS TO WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE PENDING TRIAL**

---

**INTRODUCTION**

Defendant, PHH Mortgage Corporation ("PHH") has scheduled a foreclosure sale of the Plaintiff's home on July 16, 2025. Defendant, Western Progressive- Mississippi, Inc. ("Western Progressive") has published notice of the sale and will be conducting the sale as Substituted Trustee. Prior to the foreclosure referral, Plaintiff and PHH entered into a Loan Modification Agreement, which brought the loan current through February 1, 2025. Plaintiff then made payments for February and March 2025 before PHH refused to accept additional payments, falsely stating that the Plaintiff was in default. Because the Plaintiff is not more than 120 days delinquent, the foreclosure referral violates 12 C.F.R. 1024.41(f) of Regulation X, a regulation promulgated under the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. Plaintiff seeks a Temporary Restraining Order and a Preliminary Injunction to prevent the irreparable harm that would be caused by allowing PHH and Western Progressive to proceed with their unlawful foreclosure sale of the Plaintiff's home.

**STATEMENT OF RELEVANT FACTS**

Plaintiff and PHH entered into a Loan Modification Agreement regarding the Loan on January 10, 2025. A copy of the Loan Modification Agreement is enrolled in Book 3025, Page 13287 of the Rankin County Land Rolls and an unenrolled copy is attached to the Plaintiff's Motion as Exhibit A. Pursuant to the terms of the Modification Agreement, all past due amounts and arrearages as of January 1, 2025 were rescheduled as "deferred principal balance" and Nall was to begin making payments under the modification agreement with his February 1, 2025 payment. On or about February 11, 2025, Plaintiff made his February payment in the amount of $2,479.83 pursuant to the Loan Modification Agreement. Plaintiff made his March mortgage payment on March 7, 2025. PHH did not apply the Plaintiff's payments to February and March as required by the Loan Modification Agreement, instead PHH applied the payments to amounts that were due prior to the Loan Modification Agreement.

PHH has apparently failed to board the Loan Modification Agreement and has been operating under the assumption that the loan has not been modified, despite the fact that PHH signed the agreement and enrolled the fully executed agreement in the Land Records of Rankin County. Attempts to have PHH correct their error have been fruitless and PHH has escalated this dispute by initiating nonjudicial foreclosure on the Plaintiff's home. The foreclosure sale is set for July 16, 2025. Plaintiff and Plaintiff's counsel have called and sent correspondence to PHH and Western Progressive to request cancellation of the foreclosure sale but the Defendants have failed to communicate with Plaintiff's counsel and it appears that the foreclosure sale is scheduled to proceed on July 16, 2025 unless this Court intervenes.

## LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

A Temporary Restraining Order is appropriate if irreparable harm appears imminent and preservation of the status quo is needed until the court can conduct a hearing to consider a preliminary injunction. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters* 415 US 423, 438-439 (1974). Furthermore, a preliminary injunction may be issued to protect the plaintiff from irreparable injury "and to preserve the district court's power to render a meaningful decision after a trial on the merits. The grant or denial of a preliminary injunction rests in the discretion of the district court." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (citing *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).

## LIKELIHOOD THAT PLAINTIFF WILL PREVAIL ON THE MERITS

This matter is straightforward. The parties entered into an agreement (the Loan Modification Agreement) and PHH has refused to honor the agreement. The Loan Modification Agreement required PHH to recategorize all arrearages and past due amounts as of January 1, 2025 as noninterest bearing principal. This required PHH to treat the loan as current and required the Plaintiff to resume regular payments on the mortgage loan in February 1, 2025. Plaintiff complied and made payments in February and March under the Loan Modification Agreement. PHH, however, has treated the loan as in default due to amounts past due prior to January 1, 2025 and has applied the Plaintiff payments from February and March to sums that were no longer due. As a result, PHH has clearly violated RESPA's prohibition on the misapplication of payments. *See,* 12 C.F.R. 1024.36(c)(1).

Because PHH accepted payments from February and March 2025, Plaintiff is past due as of April 1, 2025 at the latest.[1] Regulation X, which was promulgated under the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq* ("RESPA") requires servicers (like PHH) to refrain from referring a mortgage to foreclosure until the loan is 120 days delinquent. *See,* 12 C.F.R. 1024.41(f). The facts are easily established by the Loan Modification Agreement (a public record due to PHH's filing of the same in the land records of Rankin County), bank statements from the Plaintiff which show payment of the February and March mortgage payments, and mortgage account statements which show that PHH is acting as if the Loan Modification Agreement that it signed is not applicable to the Loan. There is no information that PHH can present to discredit these documents or the legally binding effect of the Loan Modification. As such, it is certain that Plaintiff can prevail on the merits of this case.

## BALANCE OF HARMS

### A. Plaintiff will Suffer Irreparable Harm if the Foreclosure Sale set for July 16, 2025 proceeds.

If the sale of Plaintiff's' home proceeds, plaintiff will permanently lose ownership of the property, his principal residence. The Fifth Circuit has held that "[t]he deprivation of an interest in real property constitutes irreparable harm." *Opulent Life Church v. City of Holly Springs Miss.*, 697 F.3d 279, 297 (5th Cir. 2012) (Quoting *Third Church of Christ, Scientist, of N.Y.C. v. City of New York*, 617 F. Supp. 2d 201, 215 (S.D.N.Y. 2008), *aff'd*, 626 F.3d 667 (2d Cir. 2010)). *See also*, *Kilgore v. Wells Fargo Home Mortg.,* No. 1:12-CV-00899 AWI, 2012 WL 2195656, at *1 (E. D. Cal. June 13, 2012) (citing *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d

---

[1] Plaintiff has attempted to make additional payments on the mortgage loan, but PHH has refused to accept them. Plaintiff asserts that PHH's refusal to accept payments means that the loan is not in default, but even assuming that the refusal of PHH to accept payments resulted in a default, the default first occurred when Plaintiff did not successfully make a payment on April 1, 2025.

1150, 1159 (9th Cir. 2011)) ("With respect to irreparable injury, a plaintiff's loss of her residence is usually sufficient to satisfy this element."); *Wrobel v. S.L. Pope & Assocs.,* No. 07-CV-1591 IEG (BLM), 2007 WL 2345036, at *1 (S. D. Cal. Aug. 15, 2007) ("Losing one's home through foreclosure is an irreparable injury.")

If the foreclosure is allowed to proceed on July 16, 2025, the home may be sold to a third-party or ownership of the property may transfer to PHH. In any event, the Plaintiff would be no longer entitled to possession of his home and his family will have to relocate without first obtaining the benefit of the equity contained in the home. It is possible that the Plaintiff would have to vacate the home and pursue his remedies while homeless. If Plaintiff is rendered homeless due to the unlawful foreclosure sale, he will have a difficult time in maintaining employment and in meeting with his attorney to discuss his case.

**B. Defendant will Suffer Little Harm as a Result of the Relief Requested**

The Court must exercise its discretion "in favor of the party most likely to be injured if the denial of an injunction would result in great harm to the plaintiff, and the Defendants would suffer little harm if it were granted, then it is an abuse of discretion to fail to grant the preliminary injunction." *Robbins v. Sup.Ct*. (1985) 38 Cal.3d 199, 205. In this case, if the Court grants a temporary restraining order in favor of the Plaintiff, Defendants will have to cancel the foreclosure sale set for July 16, 2025. PHH will still retain its lien with respect to the property and will not be estopped from resuming foreclosure if the loan meets the legal and contractual requirements for foreclosure. It is important to note that the Plaintiff has established that the currently scheduled foreclosure did not meet these legal and contractual requirements and that if Defendants proceed with the foreclosure and the Plaintiff prevails in this case, it will be significantly more difficult and more expensive – if not impossible – to undo the damage done by the foreclosure. For these reasons, the balance of the harm favors Plaintiff and an injunction pending trial in this matter.

**CONCLUSION**

PHH and the Plaintiff entered into a contract to modify the Plaintiff's mortgage loan and allow the Plaintiff to continue making mortgage payments to PHH and allow the Plaintiff to retain his home.  Without any justification, PHH has reneged on this agreement and has fast-tracked the Plaintiff's home for foreclosure.  In its haste, PHH has violated not only the contract between the parties, but federal regulations designed to prevent abusive practices by mortgage loan servicers against mortgage borrowers. The pending foreclosure is in violation of the Plaintiff's rights pursuant to contract and regulation.  Despite numerous attempts by the Plaintiffs to reason with the Defendants, the Defendants have required the Plaintiff to request the intervention of this Court. The Plaintiff prays that this Court will enter an order granting a Temporary Restraining Order and an Order to Show Cause why an Injunction Should not Issue Pending Trial in this case.

Respectfully submitted,
Justin Nall, Plaintiff

By Counsel:

/s/Michael T. Ramsey
Michael T. Ramsey (MSB #104978)
**SHEEHAN & RAMSEY, PLLC**
429 Porter Avenue
Ocean Springs, Mississippi 39564
228-875-0572
mike@sheehanramsey.com

## **Certificate of Service**

I, Michael T. Ramsey, hereby certify that I have mailed a copy of the foregoing by first class mail, postage prepaid to:

PHH Mortgage Corporation
2000 Midlantic Drive
Suite 410-A,
Mount Laurel, NJ 08054

PHH Mortgage
P.O. Box 24736
West Palm Beach, FL 33416-4736

Western Progressive – Mississippi Inc.
7730 Market Center Ave. Suite 100
El Paso, TX 79912

I further certify that I have sent electronic notice of the foregoing to fax numbers and emails as stated in the Declaration accompanying the Plaintiff's Motion.

So certified:

/s/Michael T. Ramsey
Michael T. Ramsey